# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JOEL SHANE JACKSON,

    Plaintiff,

v.

ADAM BELL, BENNY DELOACH,
APPLING COUNT,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-56

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Appling County Jail Prison in Baxley, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Doc. 1.) The Court has conducted the requisite frivolity review of that Complaint. For the reasons set forth below, I find that Plaintiff has failed to state a plausible claim for relief, and I **RECOMMEND** that the Court **DISMISS** all of Plaintiff's claims against Defendants.

## BACKGROUND[1]

Plaintiff filed this action on May 4, 2015, against Defendants Adam Bell, the Jail Administrator; Sheriff Benny Deloach, and Appling County. (Doc. 1.) Plaintiff's primary complaint is that he was not allowed to attend his mother's funeral. (Id. at p. 5.) He contends that another inmate at the Jail was allowed to attend his grandmother's funeral and another inmate was allowed to see visit his mother in the hospital. Id. Plaintiff also states that he has put

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

in a request to use the law library but has been told that the Jail does not have one. Id. Lastly, Plaintiff makes a vague allegation regarding waiting six months to go to court despite having already admitted that he was guilty. Id.

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.  Claims Based on Inability to Attend Mother's Funeral**

In order to state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff has not identified what constitutional right Defendants allegedly violated by refusing to allow him to leave the Jail to attend his mother's funeral. Courts have continually held that prisoners do not have a constitutional right to attend funeral services for family members. See Billizone v. Jefferson Par. Corr. Ctr., No. CIV.A. 14-2594, 2015 WL 966149, at *9 (E.D. La. Mar. 4, 2015) (citing numerous cases in support of holding that "[i]t is beyond cavil that a prisoner has no federal statutory or constitutional right to attend a relative's funeral.") Indeed, even when a prisoner was on a court ordered furlough, the Southern District of Florida found that the inmate had no liberty interest to attend his father's funeral. Farmer v. Crews, 804 F. Supp. 1516, 1520 (M.D. Fla. 1992) *aff'd*, 995 F.2d 236 (11th Cir. 1993); see also Yeldon v. Ekpe, 159 F. App'x 314, 316 (2d Cir. 2005) ("[A]lthough this Court has not specifically held that inmates do not have a liberty or property interest in attending the funeral of a relative, it has held that inmates do not have a liberty interest in participating in analogous 'Family Reunion' programs, through which they receive conjugal visits from their spouses."); Colon v. Sullivan, 681 F. Supp. 222, 223 (S.D.N.Y. 1988) ("Denying a prisoner permission to attend the funeral of a relative does not involve the denial of a liberty interest protected by the Constitution."). While Plaintiff has conclusively stated that Defendants have discriminated against him by denying him

the right to attend his mother's funeral, he does not state the basis for such discrimination. Such conclusory statements do not state a plausible claim for relief.

For these reasons, the Court should **DISMISS** Plaintiff's claims based on Defendants' alleged refusal to permit Plaintiff to attend his mother's funeral.

## II. Claims Based on Denial of Access to Law Library

Plaintiff alleges that when he has asked to visit the law library, he was told the Jail does not have one. Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). However, not every denial of access to the Courts will give rise to a Section 1983 claim. Rather, the Eleventh Circuit has stated the following regarding access to courts claims alleging that an inmate does not have access to a law library:

> '[T]he fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law.' Bounds v. Smith, 430 U.S. 817, 828 (1977). The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.' Lewis v. Casey, 518 U.S. 343, 351 (1996); see Weaver v. Brenner, 40 F.3d 527, 533 (2d Cir. 1994) (recognizing that, when judicial decisions subsequently delineate that a right that generally appeared to exist at the time of the government official's conduct did not actually exist, then "the conduct will not subject the official to liability"). While Bounds guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance. See Lewis, 518 U.S. at 349–51. Instead, they must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. Id. at 355–57. 'Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.' Id. at 355.

Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1988).

With respect to access-to-court claims, Lewis clarifies that a plaintiff first must show actual injury before seeking relief under Bounds. See Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir. 1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a non-frivolous, post-conviction claim or civil rights action. See id. at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. See id. at 1446. Therefore, in an access-to-courts claim, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." Id.

Plaintiff has failed to set forth any factual allegations detailing his pursuit of a non-frivolous, post-conviction matter or a civil rights action which has been thwarted by the lack of a law library at the Jail. For this reason, the Court should **DISMISS** Plaintiff's access to the courts claim against Defendants.

### III. Plaintiff's Claims Based on Pending State Court Proceeding

It is not clear from Plaintiff's Complaint whether he is a pretrial detainee or a convicted inmate. However, Plaintiff makes a vague allegation regarding waiting six months to go to court despite having already admitted that he was guilty. (Doc. 1, p. 5.) Additionally, Plaintiff asks this Court to "find out why it takes six months to get me or us in front of a Judge after we told

them that we was [sic] guilty." (Id. at p. 6.) It appears that Plaintiff is asking this Court to intervene in an ongoing state court proceeding.

Because the state court criminal case is still pending, this Court still lacks jurisdiction to hear Plaintiff's claims. See Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court held that a federal court should not enjoin a pending state criminal court proceeding. The Younger abstention doctrine reflects "a strong federal policy against federal[ ] court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Where "vital state interests" are involved, a federal court should abstain from hearing a case "unless state law clearly bars the interposition of the constitutional claim." Id. at 432 (quoting Moore v. Sims, 442 U.S. 415, 426 (1979)). Consequently, Younger bars this Court from entertaining Plaintiff's request that this Court interject itself into his pending state criminal case, and this claim must be **DISMISSED**.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against all Defendants.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA